Parker C. J.,
in giving the opinion of the Court, said the auditors and jury thought there shoüld be an apportionment, on *133 the ground that the defendant had mingled his own and the plaintiff’s debt, and that having thus settled an account, he was bound as trustee to apply the payments pro rata; and the Court saw no objection to the principle on which the auditors and jury had proceeded.[1]

Motion for a new trial overruled.

 The general rule laid down by Mr. Justice Story, with regard to the application of payments, is, that where a person owes money upon several distinct accounts, he has a right to direct his payments to be applied to either, as he pleases; if he pays money on his accounts generally, without appropriating it, the creditor may apply it as he pleases; if neither the debtor nor creditor makes any specific application of the money so paid, the law will appropriate it according to the equity and justice of the case. Cremer v. Higginson, 1 Mason, 338; United States v. Wardwell, 5 Mason, 85. See Pattison v. Hull, 9 Cowen, 769, 771; Baker v. Stackpoolo, 9 Cowen, 420; Chitty v. Naish, 2 Dowl. Pract. Cas. 511; Mitchell v. Dall, 4 Gill & Johns. 361. The doctrine of election, however, does not apply, where there are not distinct accounts, or where separate accounts are treated as one entire account by all parties. In case the entire account is a long, running and unadjusted one, payments will be applied to extinguish the items of it according to their priority in point of time. Clayton's case, 1 Merivale, 572; Bodenham v. Purchas, 2 Barn. & Ald. 45; Simson v. Ingham, 2 Barn. & Cressw. 65; Williams v. Rawlinson, 3 Bingh. 71; United States v. Kirkpatrick, 9 Wheat. 720 Postmaster General v. Furber, 4 Mason, 336; Baker v. Stackpoole, 9 Cowen, 435; Pemberton v. Oakes, 4 Russell, 154 (3 Pet. Cond. Eng. Ch. R. 609); Smith v. Wigley, 3 Moore & Scott, 174. But if, as in Barrett v. Lewis, swpra, the different debts, blended together in the same account, are of the same date and are in other respects equal, the application of payments should be made proportionately to each. This rule is derived, without any modification, from the civil law. Pothier, par Dupin, tom. 1 ,pt. 3, c. 1, art. 7. reg. 4; 1 Evans’s Pothier, 374. On this rule, though not acknowledged, is undoubtedly founded the decision in Perris v. Roberts, 1 Vern. 34; S. C. 2 Ch. Ca. 84. So in cases of payments not voluntary, the creditor has no right to elect, but must apply them proportionately to the debts due. Blackstone Bank v. Hill, 10 Pick. 129. See also Postmaster General v. Furber, 4 Mason, 336; Seymour v. Van Slyck, 8 Wendell, 403; Webb v. Dickinson 11 Wendell, 63; Bank of N. A. v. Meredith, 2 Wash. C. C. R. 47; Mason v Marsh, 2 Caines’s R. 99; Bacon v. Browne, 1 Bibb. 334; Smith v. Screven, 1 M'Cord, 368; Gwinn v. Whitaker, 1 Har. & Johns. 754; Hilton v. Burleigh, 2 N. Hamp. R. 196; 1 Evans's Pothier, 368, et seq.; Cole v. Trull, 8 Pick. 325.